# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:13-CR-00243-JRA-1 |
| | : | |
| vs. | : | |
| | : | JUDGE JOHN R. ADAMS |
| EILEEN FERN-FOLLIET, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MOTION FOR SET-OFF AGAINST RESTITUTION ORDER

Now come Defendant, Eileen Fern-Folliet, by and through the undersigned counsel, and hereby moves this Court pursuant to 18 U.S.C § 3664 (j)(2) for an Order reducing the size of the previously entered Restitution Order of this Court by the amount received by the victims as part of a Civil Settlement as well as by the amounts already paid by Defendant through the restitution process.  Defendant moves this Court for a set-off in the amount of $254,698.05.

A Memorandum in Support of this motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ James P. Sammon
JAMES P. SAMMON (0064212)
**KEGLER, BROWN, HILL + RITTER**
600 Superior Avenue, East, Suite 2510
Cleveland, Ohio 44114
Telephone: (216) 586-6650
Fax: (216) 586-6758
Email: jpsammon@keglerbrown.com
*Attorney for Defendant*

## MEMORANDUM IN SUPPORT

As this Court is aware, on September 25, 2013, the Court, as part of the criminal sentencing of the Defendant, ordered a restitution amount in total of $287,820.16 (Doc. 19).

As a result of the Restitution Order, Defendant made $10,672.45 in payments to The U.S. Department of Justice during the time of her Federal incarceration (See Ex. A).

In addition to the above amount, Defendant was sued by the victim, the Estate of Doris E. Lackman, in a civil matter in Cuyahoga County Probate Court Case Number 2012 EST 183448. As a result of that lawsuit, the Estate of Doris E. Lackman received $244,025.60 (See Ex. B, Probate documents attached).  Of that amount, $50,000.00 was paid by Defendant, Eileen Fern-Folliet and her Husband Gary Folliet (See Ex. B, Settlement Agreement and Mutual Release, pg. 2).

As a result of the Settlement Agreement with the Estate, on July 13, 2016, the judgment creditor, James Spuhler, in his capacity as the Executor for the Estate of Doris E. Lackman and Trustee for the Doris E. Lackman Trust caused to be filed a Notice of Satisfaction of Abstract of Judgment in the amount $287,820.16.

## LAW AND ARGUMENT

This Motion is made pursuant to the Mandatory Victims Restriction Act ("MVRA") set forth at 18 U.S.C. § 3663, et seq. 18 U.S.C § 3664 (j)(2) provides, "[A]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in…any State civil proceeding, to the extent provided by law of the State."  In *U.S.A. v. James J. May*, (6th Circuit No. 11-4032, Sept. 17th, 2012) the Sixth Circuit held that "when determining the amount of restitution under the

MVRA, the Court must reduce restitution by any amount the victim received as part of a Civil settlement in order to avoid the undesirable result of restitution effectuating a double recovery." Quoting, Elson, 577 F3rd at 734; See also United States v. McDaniel, 398 F3rd 540, 555 (6th Circuit 2005).  The civil action brought by the victim, the Estate of Doris E. Lackman, obtained substantial sums toward the restitution amount ordered by this Court.  The amount recovered should be ordered set-off against this Court's Restitution Order.

## CONCLUSION

Accordingly, Eileen Fern-Folliet, requests that this Court enter an Order entitling her to a set-off in the amount of $244,025.60 plus the payments made to the United States Department of Justice in the amount of $10,672.45 for a total combined set-off amount against the Restitution Order of $254,698.05.

Respectfully submitted,

/s/James P. Sammon
JAMES P. SAMMON (0064212)
**KEGLER, BROWN, HILL + RITTER**
600 Superior Avenue, East, Suite 2510
Cleveland, Ohio 44114
Telephone: (216) 586-6650
Fax: (216) 586-6758
Email: jpsammon@keglerbrown.com
*Attorney for Defendant*

United States Department of Justice
Consolidated Debt Collection System
Single Liability Payment History

For Report Parameters: 2013A83798 ,001 ,106195678

Report Date: 10/28/2016

Report Level: DEN

**PAYMENTS**

| CDCS NBR | | Name | | Court NBR | Priority NBR | Collect Type | Code | | | | | Current Liability | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2013A83798/001 | | Fern-Folllett, Eileen | | 1:13CR24 | 3 | 6 | 02 | | | | | $277,743.51 | |

| Seq Finance NBR | Finance Code | Received Date | Payment Form | Received By Usao | Received From | Deposit Nbr | Scheduled Payment Amount | Check Nbr | Bop Deposit Nbr | Scheduled Payment Date | Posting Date | Payment Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 000003 | PMNT | 09/18/2013 | CL | A | EILEEN FERN-FOLLLETT | | | 546600004733 | | | 10/11/2013 | $400.00 |
| 000004 | PMNT | 03/10/2014 | CL | A | EILEEN FERN-FOLLLETT | | | 14660067948 | | | 03/12/2014 | $9,054.90 |
| 000006 | PMNT | 03/10/2014 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 04/30/2014 | $25.00 |
| 000008 | PMNT | 05/02/2014 | TR | A | EILEEN FERN-FOLLLETT | | | TOP | | | 05/30/2014 | $209.00 |
| 000010 | PMNT | 06/11/2014 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 07/31/2014 | $25.00 |
| 000012 | PMNT | 08/11/2014 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 09/24/2014 | $45.00 |
| 000019 | PMNT | 09/11/2014 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 10/29/2024 | $45.00 |
| 000016 | PMNT | 10/09/2014 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 11/25/2014 | $45.00 |
| 000018 | PMNT | 11/10/2014 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 12/09/2014 | $45.00 |
| 000020 | PMNT | 12/09/2014 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 01/26/2015 | $25.00 |
| 000022 | PMNT | 01/12/2015 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 02/23/2015 | $25.00 |
| 000024 | PMNT | 02/10/2015 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 03/25/2015 | $25.00 |
| 000026 | PMNT | 03/09/2015 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 04/27/2015 | $25.00 |
| 000028 | PMNT | 04/09/2015 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 05/20/2015 | $25.00 |
| 000030 | PMNT | 05/07/2015 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 06/02/2015 | $25.00 |
| 000032 | PMNT | 06/09/2015 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 07/28/2015 | $25.00 |
| 000034 | PMNT | 05/01/2015 | TR | A | Eileen Fern-Folllett | | | | | | 10/06/2015 | $85.00 |
| 000036 | PMNT | 09/11/2015 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 12/22/2015 | $25.00 |
| 000038 | PMNT | 12/08/2015 | CB | A | EILEEN FERN-FOLLLETT | | | BOP | | | 01/14/2016 | $25.00 |
| 000040 | PMNT | 09/02/2016 | CL | A | EILEEN FERN-FOLLLETT | | | 14660088922 | | | 09/02/2016 | $79.00 |
| 000042 | PMNT | 09/13/2016 | CL | A | EILEEN FERN-FOLLLETT | | | 14660089218 | | | 09/14/2016 | $67.75 |
| 000044 | PMNT | 09/21/2016 | CL | A | EILEEN FERN-FOLLLETT | | | 14660089396 | | | 09/22/2016 | $16.00 |
| 000046 | PMNT | 10/12/2016 | CL | A | EILEEN FERN-FOLLLETT | | | 14660089886 | | | 10/15/2016 | $110.00 |
| Total | | | | | | | | | | | | $10,476.65 |

10-22-16
10-28-16

36.00
109.80 cr

EXHIBIT
A

PROBATE COURT
COST PAID

AUG 03 2016

K. WHISENANT
CASHIER

## DOCKETED

**PROBATE COURT OF CUYAHOGA COUNTY, OHIO**
Anthony J. Russo, Presiding Judge
Laura J. Gallagher, Judge

PROBATE COURT
F I L E D

AUG 03 2016

CUYAHOGA COUNTY, O.

ESTATE OF  Doris E. Lackman _____ , DECEASED

CASE NUMBER  2012 EST 183448

2012EST183448

1277907
PDF        ES13.0F

### FIDUCIARY'S ACCOUNT
(R.C. 2109.30, 2109.301 and 2109.32)
**[Executors and Administrators]**

The fiduciary offers the account given below and on the attached itemized statement of receipts and disbursements. The fiduciary states that the account is correct, and asks that it be approved and settled.

**[Check one of the following]**

☐ This is a partial account.  A statement of the assets remaining in the fiduciary's hands is attached.

☐ This is a final account.  A statement of the assets remaining in the fiduciary's hands for distribution to the beneficiaries is attached.

☐ This is an account of distribution and the fiduciary asks to be discharged upon its approval and settlement.

☑ This is a final and distributive account and the fiduciary asks to be discharged upon its approval and settlement.

☐ This is a supplemental final account.

**[Complete if this is a partial account, or if one or more accounts have previously been filed in the estate]**  The period of this account is from

_____  to  _____

**[Complete if applicable]** Accounts previously filed in the estate, the accounting periods, and the fiduciary and attorney fees paid for each period, are as follows:

| Date Filed | Accounting Period | Fiduciary Fees Paid | Attorney Fees Paid |
|---|---|---|---|
| 02/05/14 | 10/25/12-02/05/14 | $ 0 | $ 0 |
| 03/02/15 | 02/05/14-03/02/15 | 0 | 0 |
| 11/30/15 | 03/02/15-11/30/15 | 0     SEP 1 9 2016 | 0 |

Note:
**2117.06(K) states:** "The distributee may be liable to the estate up to the value of the distribution and may be required to return all or any part of the value of the distribution if a valid claim is subsequently made against the estate within the time permitted under this section."

**2109.32(C) states:** "The rights of any person within a pecuniary interest in the estate are not barred by approval of an account pursuant to division (A) and (B) of this section.  These rights may be barred following a hearing on the account pursuant to section 2109.33 of the Revised Codes.

Form 13.0 - FIDUCIARY'S ACCOUNT        O.K. Z.L.R.



EXHIBIT
B

**CASE NUMBER** 2012 EST 183448

This account is recapitulated as follows:

**RECEIPTS**

Personal property not sold .................................................. $_____

Proceeds from sale of personal property .................................... _____

Real property not sold ...................................................... _____

Proceeds from sale of real estate ......................................... _____

Income ..................................................................... _____

Other receipts ............................................. 244025.60

    Total receipts ......................................... $ 244025.60

**DISBURSEMENTS**

Fiduciary fees [this accounting period] ................ $_____

Attorney fees [this accounting period] .................. _____

Other administration costs and expenses .............. _____

Debts and claims against estate ....................... _____

Ohio and federal estate taxes ...................... _____

Personal property distributed in kind ................. _____

Real property transferred .......................... _____

Other distributions to beneficiaries ................ 244025.60

Other disbursements ........................... _____

    Total disbursements ...................... $ 244025.60

BALANCE REMAINING IN FIDUCIARY'S HANDS ................................... $ 0

| | |
|---|---|
| Attorney | Fiduciary |
| 0042608 | August 2, 2016 |
| Registration Number | Date |

## ENTRY SETTING HEARING

The Court sets _____ at _____ o'clock ____ . M. as the date and time for hearing the above account.

Date _____     Probate Judge _____

# PROBATE COURT OF CUYAHOGA COUNTY, OHIO

### Anthony J. Russo, Presiding Judge
### Laura J. Gallagher, Judge

**ESTATE OF** Doris E. Lackman _____, **DECEASED**

**CASE NUMBER** 2012 EST 183448 _____

## RECEIPTS AND DISBURSEMENTS

### [Attach to fiduciary's account]

Page 1 of 1 pages

Following is an itemized statement of receipts and disbursements by the fiduciary in the administration of his trust.

| Item | Voucher No. | Value or Amount | Value or Amount |
|------|-------------|-----------------|-----------------|
| Receipts from settlement of Civil | | $ | $ 244,025.60 |
| Lawsuit 2014 ADV 195167 | | | |
| | | | |
| Disbursements: | | | |
| James L. Spuhler, trustee of the | 1 | | 244,025.60 |
| Doris E. Lackman Trust | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Form 13.1 - RECEIPTS AND DISBURSEMENTS

Page _____ of _____

| Item | Voucher No. | Value or Amount | Value or Amount |
|---|---|---|---|
| | | $ | $ |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Fiduciary

# PROBATE COURT OF CUYAHOGA COUNTY, OHIO
## Anthony J.  Russo, Presiding Judge
## Laura J. Gallagher, Judge

**ESTATE OF** Doris E. Lackman _____, **DECEASED**

**CASE NUMBER** 2012 EST 183448 _____

## ASSETS REMAINING IN FIDUCIARY'S HANDS

### [ATTACH TO PARTIAL OR FINAL FIDUCIARY'S ACCOUNT]

Page 1 _____ of 1 _____ pages

The estate assets remaining in the fiduciary's hands are recapitulated as follows:

Tangible personal property  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ 0

Intangible personal property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ 0

    Total personal property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ 0

Real Estate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ 0

    Total assets remaining in fiduciary's hands . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ 0

Following is an itemized statement of estate assets remaining in the fiduciary's hands.

| Item | Voucher No. | Value or Amount | Value or Amount |
|---|---|---|---|
|  |  | $ | $     0 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Form 13.2 - ASSETS REMAINING IN FIDUCIARY'S HANDS**

Page _____ of _____ pages

| Item | Voucher No. | Value or Amount | Value or Amount |
|------|-------------|-----------------|-----------------|
|      |             | $               | $               |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |
|      |             |                 |                 |

Fiduciary

**PROBATE COURT OF CUYAHOGA COUNTY, OHIO**
Anthony J. Russo, Presiding Judge
Laura J. Gallagher, Judge

**ESTATE OF** Doris E. Lackman _____, **DECEASED**

**CASE NO.** 2012 EST 183448 _____

## CERTIFICATE OF SERVICE OF ACCOUNT
## TO HEIRS OR BENEFICIARIES
## [R.C. 2109.32]

This is to certify that a true and accurate copy of the Final _____

                                                              **Type of account**

account was served August 2, 2016 _____ upon all beneficiaries of the estate except:

                                   **Date**

☐ The following heir or beneficiary whose address is unknown: _____

_____

☐ The following beneficiary of a specific bequest or devise who has received his or her
distribution and for which a receipt has been filed or exhibited with the Court:

_____

_____
**Attorney**

**Attorney Registration No.** 0042608 _____

_____
**Fiduciary**

# PROBATE COURT OF CUYAHOGA COUNTY, OHIO
### Anthony J. Russo, Presiding Judge
### Laura J. Gallagher, Judge

**ESTATE OF** Doris E. Lackman _____, **DECEASED**

**CASE NUMBER** 2012 EST 183448 _____

## WAIVER OF NOTICE OF HEARING
## AND CONSENT TO ACCOUNT

The undersigned, being an heir at law or beneficiary under the Will of the decedent, hereby acknowledges receipt of a copy of the account, waives notice of the approval of hearing, and consents to the account in its entirety, including the attorney fee in the amount $0_____.

**Signature**

_James L. Spuhler, Trustee_

**Date**

8/2/16

13.7B - WAIVER OF NOTICE AND CONSENT TO ACCOUNT

(03/15/2016)

**Voucher 1**

I, James L. Spuhler, trustee of the Doris E. Lackman Trust, hereby acknowledge the receipt of two hundred forty four thousand, twenty five thousand dollars and sixty cents ($244,025.60) from the estate of Doris E. Lackman.

Dated: August 2, 2016

James L. Spuhler, trustee

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Agreement ("Agreement") is made and entered into this ____ day of June, 2016, by and between, James L. Spuhler, Trustee of the Doris E. Lackman Trust and the Elwin and Doris Lackman Foundation, and Executor for the Estate of Doris E. Lackman (hereinafter "Spuhler" or the "Lackman Estate"), and Gary Folliett and Eileen Fern-Folliett, ("Defendants") and are sometimes collectively referred to herein as the "Parties".

## RECITALS:

WHEREAS, on January 17, 2014, James L. Spuhler, as Trustee and Executor, filed a Complaint against Gary Folliett and Eileen Fern-Folliett, among others, in the Cuyahoga County Court of Common Pleas, Probate Division in the case captioned *"James L. Spuhler, Trustee and Executor v. Eileen Fern-Folliett, et al.,"* Adversary Case No. 2014 ADV 195167, Related Case No. 2013 EST 183443 (the "Litigation"); and

WHEREAS, the Parties desire to resolve their differences and settle the claims asserted in the Litigation by entering into this Agreement.

NOW, THEREFORE, in consideration of the mutual promises made in this Agreement and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, it is agreed by and among the Parties as follows:

1. **Probate Approval.**  The Parties acknowledge that the settlement contemplated herein is contingent upon entry of an Order by the Probate Court approving this settlement in all material respects.  Thus, upon execution of this Agreement, Spuhler shall take all necessary steps to obtain approval of the Probate Court. The Probate Court shall retain jurisdiction to enforce the settlement contemplated herein.

2. **Notice of Satisfaction to Federal Court.**  The Parties acknowledge upon approval of the settlement by the Probate Court, the Lackman Estate shall submit a Notice of Satisfaction of Judgment with the District Court for the Northern District of Ohio in the case captioned *"United States of America v. Eileen Fern-Folliett"*, case number 1:13-cr-00293 (the "Federal Proceeding"); in accordance with Order by the court for Restitution dated September 25, 2013, Docket Number 19, ("Restitution Order") noticing that the Estate has been made whole. Upon 90 days after the Notice of Satisfaction has been filed, the Lackman Estate shall submit a final accounting to the Probate Court, providing a complete listing of all monies received by the Lackman Estate as required by statute.  Thereafter, counsel for Eileen Fern-Folliett shall prepare a motion to vacate the federal restitution order.  If necessary, the Estate agrees to have a representative appear in the federal proceedings to testify or otherwise promote the issuance of an order by the Federal Court to vacate or satisfy the restitution order.

3. **Payment by Gary Folliett and Eileen Fern-Folliett.** Subject to the provisions of this Agreement, specifically, the court approvals required under Section 1 and 2 above, Gary Folliett and Eileen Fern-Folliett agree to pay to the Lackman Estate the sum of $50,000.00 (the "Folliett Settlement Amount"). Said funds shall be placed in the IOLTA account of McCarthy, Lebit, Crystal & Liffman, Co., L.P.A. ("MLCL") within seven (7) days of the execution of this Agreement. Said funds will be released to the Lackman Estate by wire transfer in accord with the payment instructions set forth in Exhibit "A," attached hereto and incorporated herein, within a reasonable time following service upon counsel for Gary Folliett and Eileen Fern-Folliett of the Probate Court Order approving this settlement and vacating the restitution order. The funds will not be released sooner than June 20, 2016. If this settlement is not approved by the Probate Court, the Estate shall return the Folliett settlement amount to Folliett's counsel.

4. **Lackman Dismissal.** Within three (3) days of receipt of Probate Court approving the Settlement in the Lackman Estate, Spuhler shall file a notice of dismissal with prejudice in the Probate Court, dismissing the Litigation as it relates to Defendants, Eileen Fern-Folliett and Gary Folliett, with prejudice, unless the Probate Court enters an Order dismissing the Litigation *sua sponte*. Each Party shall bear its own costs and attorney fees.

5. **Release.** Upon approval of the settlement by the Probate and Federal Courts as required under sections 1 and 2 of this Agreement, and the Lackman Estate's receipt of the Folliett Settlement Amount, the Lackman Estate, Spuhler, all heirs, or any other persons or entities claiming by or through Doris E. Lackman, the Doris E. Lackman Trust, and the Elwin and Doris Lackman Foundation (collectively the "Releasing Parties"), do hereby expressly and completely waive and release any and all claims, actions, causes of action, suits, debts, accounts, reckoning, contract, indemnities, obligations, judgments, liabilities, set-offs, damages and/or demands, past, present, of any kinds or nature whatsoever, known or unknown, asserted or unasserted, suspected or unsuspected, disclosed or undisclosed, that the Releasing Parties have or may have had against Gary Folliett and Eileen Fern-Folliett, their heirs, spouses, attorneys or assigns, as set forth in the Litigation or otherwise. It is agreed and understood that the release contained herein is contractual and not a mere recital.

6. **Confidentiality of Agreement.** The Parties to this Agreement hereby agree that the terms and conditions of the Agreement, facts and claims that were or could have been made in the Litigation shall be kept strictly confidential from this point forward and shall not be disclosed to anyone, other than to the Probate Court for purposes of obtaining Probate Court approval of this settlement, the Northern District Court for purposes of vacating the Restitution Order, counsel or tax advisors, absent a Court Order. Nothing in this section should be read so as to preclude the Executor from filing the settlement funds with the Probate Court.

7.  **Further Assurances.**  The Parties agree to promptly execute any additional stipulations, motions, documents and instruments, including, but not limited to, an affidavit to seek approval of this settlement from the Probate Court and Northern District Court as required herein and any other actions which are reasonably necessary and proper for the complete and expeditious implementation and satisfaction of the provisions and intent of this Agreement.

8.  **Entire Agreement.**  This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof, and there are no other agreements, express or implied, with respect to the subject matter hereof.  This Agreement supersedes any and all documents, oral statements or terms heretofore issued in connection with this Agreement.

9.  **Modification.**  This Agreement may be modified only by an express writing executed by all of the Parties.

10.  **Binding Effect of Agreement.**  The provisions of this Agreement shall be binding upon and shall inure to the benefit of the signatories hereto and their respective successors and assigns.

11.  **No Admission of Liability.**  The Parties agree and acknowledge that this Agreement shall not be taken or construed to be an admission or concession of any kind with respect to liability or alleged wrongdoing by any Party.

12.  **Successors and Assigns.**  This Agreement, and all of its benefits and obligations, shall inure to the benefit of each of the Parties' respective heirs, successors or assigns.

13.  **Governing Law and Jurisdiction.**  The Agreement is to be construed and interpreted under the laws of the State of Ohio.

14.  **Authority.**  The individuals signing below represent, warrant and acknowledge that each has full authority to enter into this Agreement on behalf of the Party or parties on whose behalf they are signing and is empowered to commit and bind to this Agreement such Party or Parties on whose behalf each is signing.

15.  **Interpretation.**  This Agreement has been jointly drafted by the Parties at arm's-length, and each Party has had ample opportunity to consult with its independent legal counsel.  No provision or ambiguity in this Agreement shall be resolved against any Party by virtue of its participation in the drafting of this Agreement.

16.  **Counterparts.**  This Agreement may be executed by the Parties hereto in one or more counterparts, each of which will be deemed to be an original, but all of which together will constitute one and the same Agreement.  Signature pages to this Agreement may be transmitted by telecopier, electronically, or in any other reasonable fashion to effectively convey the intent of the executing Party.

3

17. **Notice and Opportunity to Cure.** If a Party believes that this Agreement has been breached, the Party will provide written notice (by facsimile and regular U.S. Mail) of the alleged breach to the other Party prior to seeking Court intervention. The notice must set forth the alleged breach(es) and the factual basis for the Party's belief that there has been a breach. The Party alleged to be in breach shall be given fourteen (14) days from receipt of the notice to cure the breach or such additional time as may be agreed to between the Parties. If the alleged breach is not cured after fourteen (14) days or additional time agreed between the Parties, the Parties may seek Court intervention to address the alleged breach.

18. **Recitals.** The Recitals to this Agreement are fully incorporated herein and the Parties hereby attest to their veracity.

IN WITNESS WHEREOF, the Parties have signed this Agreement in multiple counterparts, effective as of the date first indicated above.

GARY FOLLIETT                          JUNE 30, 2016
                                       Date

EILEEN FERN-FOLLIETT                   6/30/16
                                       Date


JAMES SPUHLER, Executor and Trustee    JUNE 28, 2016
                                       Date

4

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
PROBATE DIVISION

| | | |
|---|---|---|
| JAMES L. SPUHLER, TRUSTEE AND EXECUTOR | ) ) ) | CASE NO. 2014 ADV 195167 |
| Plaintiff, | ) ) ) | JUDGE ANTHONY J. RUSSO |
| v. | ) ) ) | **ORDER GRANTING PLAINTIFF** |
| EILEEN FERN-FOLLIETT, et al | ) ) ) | **AND DEFENDANTS' MOTION TO APPROVE THE SETTLEMENT** |
| Defendants. | ) ) ) | **BETWEEN THE ESTATE AND DEFENDANTS EILEENFERN-FOLLIET AND GARY FOLLIETT.** |

This matter having come before the Court on Plaintiff and Defendants' Joint Motion to Enforce the Settlement between the Estate and Eileen Fern-Folliett and Gary Folliett.  The Court having considered said motion, now it is hereby ordered that said motion is granted.  The Court shall retain jurisdiction to enforce said settlement.  This matter is dismissed with prejudice each party to bear its own costs.


IT IS SO ORDERED.


_____
JUDGE RUSSO


Prepared by:
J. Brian Kenney (0073994)
*Counsel for Plaintiff*

Agreed to by:
James Salmon, *Counsel for Defendant Gary Folliett*
Sharon Stone, *Counsel for Defendant Eileen Fern-Folliett*

PROBATE COURT
CUYAHOGA CTY., O.

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
PROBATE DIVISION

JUL 1 2 2016

RECEIVED FOR FILING

JAMES L. SPUHLER, TRUSTEE AND
EXECUTOR

    Plaintiff,

    v.

EILEEN FERN-FOLLIETT, et al

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2014 ADV 195167

JUDGE ANTHONY J. RUSSO

**PLAINTIFF AND DEFENDANTS'**
**JOINT MOTION TO APPROVE**
**SETTLEMENT.**

       Now come the parties (Plaintiff, Defendant Eileen Fern-Folliett, and Defendant Gary Folliett), by and through undersigned counsel, and hereby move the Court for an Order approving the parties' settlement in this matter.  A copy of the settlement and release is attached hereto and incorporated herein by reference as Exhibit A.  Defendants Eileen Fern-Folliett and Gary Folliett are the last two remaining Defendants in this matter and it is the opinion of Plaintiff's counsel that the settlement is in the best interests of the Estate.  A copy of the proposed order approving this settlement is attached hereto as Exhibit B.

Respectfully submitted,

J. Brian Kenney (0073994)
J. Brian Kenney Co., LPA
20545 Center Ridge Road, Suite. 420
Rocky River, Ohio 44116
Tel: 440-607-4975
Fax: 440-809-8556
jbkenney@jbkenneylaw.com
*Counsel for Plaintiff*


*s/ Susan Stone (via electronic consent)*
Susan Stone
McCarthy, Lebbit, Crystal, & Leffmin Co., LPA
101 W. Prospect Ave., Suite 1800
Cleveland, OH 44115
*Counsel for Gary Folliett*

*s/ James Sammon (via electronic consent)*
James Sammon
Keggler, Brown, Hill & Ritter
600 Superior Ave. East
Suite 2510
Cleveland, OH 44114
*Counsel for Eileen Fern-Folliett*

<u>**CERTIFICATE OF SERVICE**</u>

A true copy of the foregoing was served via electronic mail this 11th day of July, 2016 upon all counsel of record.

*J. Brian Kenney*