UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

FILED

2018 MAR 14 PM 2: 36

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| United States of America | ) | |
| Plaintiff(s) | ) | CASE NO. 1:13CR243 |
| | ) | |
| v. | ) | ORDER |
| Eileen Fern-Folliet, | ) | |
| Defendant | ) | |
| | ) | |

### MOTION FOR DISMISSAL OF RESTITUTION ORDER

Now come Defendant, Eileen Fern-Folliet, and hereby moves this Court for an Order dismissing the balance of the previously entered Restitution Order of this Court, noticing the Estate has been made whole.

A Memorandum in Support of this motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

*Eileen J. Folliett* 3/14/18
-------------------------------

Eileen J Folliett

7111 Anthony Ln

Parma Heights, Ohio 44130

Email: ejf329@gmail.com

<u>MEMORANDUM IN SUPPORT</u>

The parties acknowledge, the Lackman Estate has given a Notice of Satisfaction of Judgement with the District Court for the Northern District of Ohio in the case # 1:13-cr00243, docket # 115, and that the Estate has been made whole.

After consideration by the Court and review of the Evidence to Support Relief, the Court will grant the motion.

Evidence to Support Relief

The sentencing guidelines used for my case, I think was 2005 year, and the Victims Impact Statement (VIS) shows money I received for performing tax preparation and investment guidelines starting in 1999, which the trust was not yet formed and the spouse Elwin was alive and paying me for services rendered, this total amount from 1999 to 2005 is $15,836.00. (Exhibit A). These numbers are from the VIS number 8, alleged Billing Invoices. Also in that number 8 area is a duplication of number n, for $7,000.00 which is on also number 9 Tampered Checks (e,$2500 and f, $4500).(exhibit B).

The first part of VIS is showing deposits from the Allianz account, Number 6 g (exhibit C) and A 1 (exhibit D), from Nov 2005 to Nov 2007 which comes to $33,302.11. This is also the exact amount the investigative attorney said was "mistakenly omitted from its calculation"( exhibit E). After that first paragraph in the VIS, the investigative attorney changed from deposits made to checks written, this changes the debits to credits. (Exhibit F, 10 pages) ($79,738.36) shows the amount taken from the Allianz accounts in total. In every document during these proceedings, I mentioned the wrong amount was calculated as the victim's loss. The amount of loss becomes a factor now.

The other two figures on A.2 of the VIS, is Tax Liability of $38,000; this amount is in question since the gross amount of $79,738.36 in the Allianz Annuity withdrawls that should be used, a tax bracket of over 50% would be needed to arrive at $38,000 of taxes. Ms Lackman was in a 10% bracket. The amount of $103,022.66 (Line A.2 of VIS) does not add up with the 1099's from Allianz.

The legal expenses for $64,455.00 A 2 of VIS was for investigative attorney fees and also civil cost which are not to be used as part of federal restitution in most cases.

I served an additional 9 months from the guidelines of 21 to 27; one of the reasons, as I see it, is I could not pay any money back, it also extended my probation to 3 years. I am very sorry for my actions and for all the problems that have occurred because of my actions. The money taken was from the interest of the two Allianz accounts and the other $ 1.5 million of her investments were not touched, whatever was told to Ms Lackman from her relatives' that gave her grief, I will always keep in my heart as a sorrow that will not go away.

My only objective to this memorandum is to dismiss the balance of restitution by granting this motion.

## CONCLUSION

Accordingly, Eileen Fern-Folliet, requests that this Court enter an Order entitling her to a dismissal of the Order of Restitution from September 25, 2013 .

Respectfully submitted,

*Eileen J. Folliett* 3/14/18

Eileen J. Folliett

Cc: Alex Rokakis, Assistant United States Attorney