offset was inappropriate under the circumstances of this case. That statute provides: "To remedy a breach of trust that has occurred . . . the court may . . . [r]educe or deny compensation to the trustee." Ohio Rev. Code § 5810.01(B)(8). The court recognized that this statute was "not certainly controlling," but explained that it was "certainly instructive." (R. 26, at 56.)

The estate then alerted the court as to a mistake in the government's loss calculations. The estate provided documentation and accounting to support its assertion that $33,302.11 that the investigating officers originally believed was already accounted for was actually omitted from the loss calculation. When asked to respond to the estate's statement regarding the $33,302.11, the government replied: "We made a mistake. Those should be included. I just talked to the agent. . . . [T]hose should have been counted[.]" (R. 26, at 24.)

Finally, the court heard from Defendant's counsel, who focused her argument primarily on the appropriate restitution calculation. As to the issue of loss amount, Defendant's counsel stated only:

> [W]e stipulated to the loss amount in the plea agreement. And although [Defendant] instructed me to object to the very thorough PS[R] prepared by the government, she understands that there's some ambiguity there about how much money was in the account and what her fees were entitled to, and some offsets. Perhaps the Court doesn't believe there is any appropriate offset.

(R. 26, at 27.)

After hearing from each of the parties, the court recounted the issues and made determinations about which figures to include in the restitution and loss amounts. Regarding the offset, the court explained, "clearly a trustee who steals from the beneficiaries should not be entitled to any fees whatsoever, at least in my view, under these set of facts." (R. 26, at 56.) The court found that the $33,302.11 that the government mistakenly omitted from its calculation should also be included.

5